IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00980-BNB

DAVID W. WATTS,

    Plaintiff,

v.

ARI ZARVARAS [sic],
PAM PLOUGHE,
JOHN CHAVEZ,
TOM BENEZEE,
SANTISTEVENS,
MARK HOLLOWAY,
LINDA MAYFIELD,
DANNY LAKE,
SMOKE KURTZ,
WARDEN OF AVCF (Name Not Known),
MR. DAVIS, AVCF Associate Warden (1st Name Noy [sic] Known),
CAPT. BARBAROS (1st Name Nor [sic] Correct Spelling Known),
CAPT. DOUGH WILSON, All Parties Responsible in Their Professional
    and Personal Capacity(s),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -9 2009

GREGORY C. LANGHAM
              CLERK

## ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER

    Plaintiff, David W. Watts, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. He has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) for injunctive relief. Mr. Watts has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and is being required to pay a $1.00 initial partial filing fee. He also has been ordered to file an amended complaint.

On August 11 and 27, 2009, Mr. Watts filed *pro se* motions for a temporary restraining order. The Court will construe these motions liberally because Mr. Watts is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions for a temporary restraining order will be denied.

In the August 11, 2009, motion for a temporary restraining order, Mr. Watts speculates that a certain prisoner eventually will try to harm him and his family. In the August 27, 2009, motion for a temporary restraining order, he alleges that he has received verbal threats from other inmates and from prison staff. Acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979). He also alleges that other inmates have access to information about him and his family, including the prisoner who he speculates eventually will try to harm him and his family.

A party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Mr. Watts fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Therefore, the liberally construed motions for a temporary restraining order will be denied. Accordingly, it is

ORDERED that the August 11 and 27, 2009, motions for a temporary restraining

order that Plaintiff, David W. Watts, filed *pro se* are DENIED.

DATED at Denver, Colorado, this __9__ day of ____Sept.____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00980-BNB

David Watts
Reg No. 140908
Colorado Territorial Correctional Facility
P.O. Box 1010 - Unit #1 2R-20
Cañon City, CO 81215-1010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/09/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk