IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00980-BNB

DAVID W. WATTS,

    Plaintiff,

v.

ARI ZARVARAS [sic],
PAM PLOUGHE,
JOHN CHAVEZ,
CO LEE (Full Name Not Known),
TOM BENEZEE,
SANTISTEVENS,
MARK HOLLOWAY,
LINDA MAYFIELD,
DANNY LAKE,
JANE DOE (Case Manager at AVCF),
SMOKEY KURTZ,
WARDEN OF AVCF (Name Not Known),
MR. DAVIS, AVCF Associate Warden (1st Name Not Known),
CAPT. BARBAROS (1st Name Not Known Nor Correct Spelling),
CAPT. DOUGHE WILSON,
LT. TOM LUCERO,
CAPTAIN HALL,
LT. PARKER,
DON MORTON, All Defendants Are Responsible in Their Professional
    and Personal Capacity(s),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 04 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

    Plaintiff, David W. Watts, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. He filed *pro se* a civil rights

complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) for injunctive relief, among various other documents.

Mr. Watts was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without paying an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989).

On August 17, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Watts to file an amended complaint that complied with Rule 10(a) of the Federal Rules of Civil Procedure by listing each Defendant he intended to sue in the caption to the complaint, that complied with the pleading requirements of Fed. R. Civ. P. 8(a)(2), that alleged each Defendant's personal participation in the alleged constitutional violations, and that complied with D.C.COLO.LCivR 10.1E. and G. by being double-spaced, typed in capital and lower-case letters or, if handwritten, written legibly. The August 17 order noted that, except for emergency relief related to his personal safety, Mr. Watts was barred from filing any motions or other papers until he filed an amended complaint as directed.

On January 5, 2010, after being granted extensions of time, Mr. Watts filed an amended complaint. The Court must construe the amended complaint liberally because Mr. Watts is representing himself. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Under § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. **Adickes v. S.**

*H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. Watts is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The following is the Court's summary of the amended complaint. Mr. Watts alleges that he was transferred from the Wisconsin DOC to the Colorado DOC pursuant to an interstate compact. He contends that he was transferred involuntarily and "for the sole purpose of me keeping my mouth shut about these crimes being commited [sic] against ME as the STATES [sic] witness in criminal case #06-cf-21." Amended complaint at 3. He asserts that in Wisconsin he testified in a case against Jose A. Vega, who was accused of beating to death a 74-year-old man, William Schipper, and robbing him. He also asserts that in Wisconsin he was housed in a cell with the nephew of Mr. Vega before he was about to testify against him. He contends that the Wisconsin prison staff knew Mr. Vega's nephew was Mr. Watts' co-inmate before Mr. Watts knew, and that the staff knew the nephew was making plans to kill all of the witnesses against his uncle.

He complains that, even when the nephew and other inmates did not know why he was incarcerated, the Wisconsin prison staff failed to protect him, which led to

various events, including his getting "beaten up on camera" and 'getting urin [sic] frome [sic] the nephew" and another inmate thrown in his face. Amended complaint at 3a. He also alleges that his identity as a witness in the case against Mr. Vega and other "HIGHLY confidentail [sic] stuff" about him was revealed to his Wisconsin co-inmates. *Id.* He complains that nobody from the Wisconsin DOC, the prison where he was incarcerated, the district attorney's office, the police department, the Department of Justice (DOJ) in Wisconsin, or the local judge he alleges he testified before on August 9, 2007, would do anything to "launch an investigation" or "do anything to protect ME nor MY FAMILY." *Id.* at 3b. Instead, he alleges he was threatened with time in segregation if he ever again contacted the local judge.

He also complains that on October 30, 2007, a Wisconsin DOJ special agent and a high-ranking Wisconsin DOC staff member promised they would move him to an undisclosed federal prison on the west coast, close to Nevada where his son lived, and then he was transferred instead to the Colorado DOC. He alleges that former Wisconsin DOC inmates in the Colorado DOC have recognized him and that staff from the Colorado DOC and Colorado Territorial Correctional Facility have admitted in two Colorado DOC letters that they "KNOW WHAT HAPPEND [sic] TO ME IN WI." *Id.* at 3d.

On the basis of this background information, Mr. Watts asserts the following five claims:

> (1) Defendants Ari Zavaras and Don Morton are helping to facilitate his "KIDNAPPING," amended complaint at 4, in violation of his Eighth Amendment rights because they know he did not want to be transferred to Colorado.

4

>   (2) Defendants Zavaras and Morton are helping to facilitate witness intimidations against him, in violation of the Eighth Amendment.
>
>   (3) All Defendants have blocked his access to the courts, the justice system, and the media because they have refused his requests "to speak WITH the proper law inforcement [sic] agency." *Id.* He also alleges that Defendants Zavaras, Pam Ploughe, Tom Benezee, Sanitstevens, Mark Holloway, Linda Mayfield, and Danny Lake violated Colorado DOC rules and United States Postal Regulations by censoring his legal and media mail.
>
>   (4) All Defendants are conspiring to cover up witness intimadations [sic] because they know the crimes the Wisconsin DOC committed against him and have not contacted the proper federal law enforcement agency and are censoring his legal and media mail.
>
>   (5) The Colorado DOC is guilty of staff misconduct because, while he was incarcerated at the Arkansas Correctional Facility, Defendant Sargent John Chavez "beat [him] up on [F]riday 8-29-08," *id.* at 6a, because Defendant Chavez didn't like snitches. He complains that he received a disciplinary report for abusive language to staff and, at a hearing on the incident, Defendant Lake, the investigator, did not question inmate witnesses. He contends that Defendants Lake, Chavez, CO Lee, his Jane Doe case manager at the Arkansas Valley Correctional Facility, the warden of the Arkansas Correctional Facility, Mr. Davis, Lieutenant Tom Lucero, Captain Hall, Lieutenant Parker, and Captain Barbaros are guilty of a conspiracy to cover up Defendant Chavez's actions.

Mr. Watts' amended complaint appears to allege that his life and the lives of his family members are in danger. He also attempts to link his prior incarceration in Wisconsin with his incarceration in Colorado. However, for the reasons stated below, his claims are without merit.

The Court will address Mr. Watts' first and second claims together. His first claim alleges that Defendants Zavaras and Morton violated the Eighth Amendment

5

prohibition against cruel and unusual punishment by facilitating his transfer from the Wisconsin DOC to the Colorado DOC. His second claim is that these Defendants are helping to facilitate witness intimidation against him, in violation of the Eighth Amendment, by accepting his transfer "knowing that MORE likely THAN not I would be in just as DANGEROUSE [sic] of a situation in the CO DOC AS THEY BOTHE [sic] KNEW I WAS IN THE WI DOC." Amended complaint at 5.

In both claims, Mr. Watts fails to allege facts that rise to the level of a constitutional violation. Not every injury suffered by a prison inmate gives rise to liability for a constitutional violation. **See Tafoya v. Salazar**, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Watts must allege that Defendants Zavaras and Morton were deliberately indifferent to a substantial risk of serious harm. **See Farmer v. Brennan**, 511 U.S. 825, 834 (1994). Stated another way, Mr. Watts must demonstrate both that the injury he suffered was sufficiently serious and that Defendants acted with deliberate indifference. **See Tafoya**, 516 F.3d at 916.

Mr. Watts' allegations do not demonstrate an injury that is sufficiently serious because "extreme deprivations are required to make out a conditions-of-confinement claim." **Hudson v. McMillian**, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" **Wilson v. Seiter**, 501 U.S. 294, 298 (1991) (quoting **Rhodes v. Chapman**, 452 U.S. 337, 347 (1981)). Mr. Watts' transfer from the Wisconsin DOC to

the Colorado DOC did not deprive him of the minimal civilized measure of life's necessities.

Mr. Watts also fails to allege facts that indicate either Defendant Zavaras or Morton acted with deliberate indifference. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Mr. Watts does not allege facts indicating that Defendant Zavaras or Morton knew he faced a substantial risk of serious harm and disregarded that risk.

For these reasons, the Court finds that Mr. Watts' allegations do not support arguable claims. As a result, the first and second claims are legally frivolous and must be dismissed.

Mr. Watts' third claim, that the Defendants have blocked his access to the courts, the justice system, and the media, and that certain Defendants are censoring his legal and media mail, is vague and conclusory. Mr. Watts was informed in the August 17, 2009, order for an amended complaint that in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007).

Mr. Watts' third claim fails to allege specific facts that would support an arguable claim against the named Defendants. Merely making vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. The Court finds that Mr. Watts' vague and conclusory allegations will not support an arguable claim for relief. Therefore, the third claim will be dismissed as legally frivolous.

Mr. Watts' fourth claim makes vague allegations of a conspiracy between Wisconsin and Colorado DOC officials. The claim presents no facts showing agreement and concerted action designed to deprive Plaintiff of a constitutional right. See *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim. *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). Therefore, the fourth claim will be dismissed as legally frivolous.

Mr. Watts' fifth and final claim alleges that Defendant Chavez "beat [him] up," amended complaint at 6a, on August 29, 2008, and that other Defendants conspired to cover up Sargent Chavez's actions. He specifically alleges that "OTHER staff saw and heard HIM do it and did and knowing HE has a LONG history of verbly [sic] and phsicaly [sic] abuseing [sic] did not step IN and stop him." *Id.* He complains that he

received a disciplinary charge for abusive language to staff, but fails to allege the connection between his disciplinary charge and Sargent Chavez's actions.

Mr. Watts fails to allege what, if any, constitutional right was violated and what, if any, injury he suffered from the disciplinary charge, making the allegation vague and conclusory. **See Ketchum**, 775 F. Supp. at 1403. He fails to assert any physical injury due to the alleged use of excessive force. A claim of excessive force, whether it be physical or emotional, requires some actual injury that is not de minimis. **Cortez v. McCauley**, 478 F.3d 1108, 1129 (10th Cir. 2007). Plaintiff, therefore, fails to state a claim that rises to the level of a constitutional deprivation with respect to any verbal abuse or assault claims against Defendant Chavez.

He also fails to allege any facts in support of his assertion that other Defendants conspired to cover up Defendant Chavez's actions. The claim presents no facts showing agreement and concerted action designed to deprive Mr. Watts of a constitutional right. **See Durre**, 869 F.2d at 545. As previously stated, conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim. **Sooner Prods. Co.**, 708 F.2d at 512. The fifth claim will be dismissed as legally frivolous.

Mr. Watts apparently has attempted to allege each Defendant's personal participation in the alleged constitutional violations by including a brief explanation of each Defendant's actions under color of state law in the section of the amended complaint identified as "A. PARTIES." However, these allegations are vague and conclusory and Mr. Watts fails to connect these allegations to the asserted claims. As a result, he fails to establish each Defendant's personal participation by showing that

each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915 as legally frivolous.

DATED at Denver, Colorado, this 3 day of February, 2010.

BY THE COURT:

_Christine M Arguello for_
CHRISTINE M. ARGUELLO
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00980-BNB

David Watts
Reg No. 140908
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/4/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk